PER CURIAM.
Appellant brings this appeal, seeking review of a final declaratory judgment determining that the City and its officers, employees and agents have no jurisdiction over a portion of an airport owned and operated by the County (appellee herein) and lying within the City’s municipal boundaries. Said final declaratory judgment reads as follows:

“This cause came on for final hearing upon plaintiff’s complaint for a declaratory judgment determining the extent of its municipal jurisdiction over and its municipal duties with regard to that portion of an airport owned and operated by defendant Dade County and known as Opa-Locka Airport (hereinafter Airport) which lies within the plaintiff’s municipal boundaries. Evidence was presented pursuant to stipulation of the parties, approved by the Court, and documentary evidence in support of such stipulation was admitted. Counsel for the parties were heard and the Court, upon consideration, finds as follows:
FINDINGS OF FACT
1. Defendant, Dade County, owns and operates an airport known as Opa-Locka Airport (the Airport) situate in Dade County, Florida, a portion of which lies within the municipal boundaries of plaintiff, City of Opa-Locka.
2. Plaintiff municipality has extended and has offered to extend various municipal services to persons engaged in business or residing on that portion of the *938 Airport lying within the boundaries of the municipality.
3.Plaintiff municipality does not levy, assess or collect ad valorem taxes on any property or interest in property upon that portion of the Airport situate within its municipal boundaries.
Based on the foregoing, the Court makes the following:
CONCLUSIONS OF LAW
1.The issue of municipal jurisdiction in this case is governed by Section 125.-015, Florida Statutes, 1977 (Section 4, Chapter 71-249, Laws of Florida 1971, which replaced Section 4, Chapter 22963, Laws of Florida, 1945, as amended) which provides, in pertinent part, as follows:
‘Any project owned and operated by such county and lying within the boundaries of a municipality shall be under the exclusive jurisdiction of such county and shall be without the jurisdiction of said municipality.’
The word ‘project’ is defined in Section 125.011(2), Florida Statutes, 1977, thus:
‘ “Project” includes any one or any combination of two or more of the following: harbor, port, shipping, and airport facilities of all kinds and includes, but is not limited to, harbors, channels, turning basins, anchorage areas, jetties, breakwaters, waterways, canals, locks, tidal basins, wharves, docks, piers, slips, bulkheads, public landings, warehouses, terminals for passengers and freight, rolling stock, car ferries, boats, conveyors and appliances of all kinds for the handling, storage, inspection and transportation of freight and the handling of passenger traffic, airport facilities of all kinds for land and sea planes, including, but not limited to, landing fields, water areas for the landing and taking off of aircraft, hangars, shops, buses, trucks and all other facilities for the landing, taking off, operating, servicing, repairing, and parking of aircraft, and the loading and unloading and handling of passengers, mail, express and freight; administration buildings, toll highways, tunnels, causeways and bridges connected therewith or incident or auxiliary thereto, and may include all property, rights, easements, and franchises relating to any such project and deemed necessary or convenient for the acquisition, construction, purchase, or operation thereof.’
The legislative intent of Section 125.015, Florida Statutes, is clear and that section applies to the entire portion of the Airport which lies within the municipal limits of the plaintiff city, including all of the facilities and property necessary or convenient for the operation of the Airport lying within such portion. See City of Opa-Locka v. Dade County, 247 So.2d 755 (Fla. 3d DCA 1971) Certiorari denied, 252 So.2d 802 (Fla.1971).
2. Plaintiff, its officers, employees and agents, have no jurisdiction upon and may not lawfully exercise jurisdiction upon any part of the Airport, its facilities, easements or property lying within plaintiff’s municipal boundaries, except in the event of hot pursuit of persons suspected of having committed violations of law (including ordinances of plaintiff City or defendant County) within the City’s boundaries but outside of the boundaries of the Airport.
3. The defendant County has exclusive jurisdiction, vis-a-vis the plaintiff City, over all of the Airport, its facilities, easements and property which lie within the plaintiff City’s municipal boundaries, subject only to the exception of hot pursuit noted in conclusion of law numbered 2 above.
4. Section 125.015, Florida Statutes, 1977, does not modify or change the municipal boundaries of plaintiff City as currently fixed by Chapter 29347, Laws of Florida, 1953.
5. Section 205.042, Florida Statutes, 1977, authorizes plaintiff City to levy a municipal occupational license tax for the privilege of engaging in or managing any business, profession or occupation, but only ‘within its jurisdiction’. Plaintiff *939 City, therefore, may not lawfully levy any such municipal tax within that part of the defendant County’s Airport which though lying within the City’s boundaries, is ‘without the jurisdiction’ of plaintiff City.
6. Section 163.3161 through 163.3211, Florida Statutes, 1977, known as the Local Government Comprehensive Planning Act of 1975, does not require plaintiff City to prepare and adopt a comprehensive plan as to all lands lying within the limits of the plaintiff City, as alleged in the complaint, but only as to the total area under its jurisdiction (Section 163.-3171, Florida Statutes), which necessarily excludes that portion of the Airport lying within its municipal boundaries.
7. Nothing in this final declaratory judgment is intended to modify nor shall it modify the provisions of the Florida Revenue Sharing Act of 1972, as amended, and as the same may be amended from time to time hereafter.
8. Nothing in this final declaratory judgment shall prohibit the parties from entering into contracts with each other as authorized by Article I, Section 1.01(17) and Article V, Section 5.06 of the Home Rule Charter of Dade County.
Based upon the foregoing, it is
ORDERED AND ADJUDGED that this Court hereby determines and declares the rights and duties of the parties to this cause as to the issues raised by the pleadings herein to be as set forth in the Conclusions of Law numbered 1 through 8 hereinabove.”

We affirm upon the authority of City of Opa-Locka v. Metropolitan Dade County, 247 So.2d 755 (Fla. 3d DCA 1971). Chapter 22963, Special Laws of Florida, 1945, which was construed by the opinion reported in City of Opa-Locka v. Metropolitan Dade County, supra, was superseded by Section 125.015, Florida Statutes (containing the identical language which was in Chapter 22963, Special Laws of Florida, 1945), which the Legislature was specifically authorized to do by Article VIII, Section 11, Constitution of the State of Florida, 1885, as amended and carried forward by Article VIII, Section 6, Constitution of the State of Florida, 1968.
Therefore, finding no error in the final declaratory judgment, the same is hereby affirmed.
Affirmed.