This is an appeal from an order entered by the Circuit Court of Wakulla County specifically passing upon the constitutionality of section 925.036, Florida Statutes (Supp. 1978). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellees Clifford Davis and Philip Padovano were appointed Special Assistant Public Defenders to represent Johnny Copeland and Frank Smith, respectively. Both defendants were charged with first-degree murder, robbery with a firearm, kidnapping and involuntary sexual battery. Following the convictions of Copeland and Smith, each appellee filed a motion for costs and attorneys fees; Davis requesting $5,891.84, and Padovano requesting $7,372.00. Fees were computed by applying court-adopted hourly compensation rates to the time spent on the cases. Appellant Wakulla County opposed the award of fees computed in this manner to the extent that the fees exceeded the $2,500 cap allegedly imposed by section 925.036, Florida Statutes, for capital cases represented at the trial level. Appellee Padovano asserted that the maximum fees payable to appointed counsel under section 925.036 can be "stacked" in cases involving multiple counts; yielding an $8,500 maximum in his case (three life felonies at $2,000 each plus one capital case at $2,500). Appellee Davis adopted this "stacking" theory and alternatively asserted that section 925.036 is unconstitutional as applied in his situation and on its face. In its order of compensation the Circuit Court of the Second Judicial Circuit in and for Wakulla County awarded the appellees the requested compensation and construed section 925.036 to allow "stacking" of the statutory fee maximums. Additionally, the court found the statute unconstitutional on its face and as applied to the appellees.
In interpreting section 925.036, Florida Statutes, to allow stacking, the trial court stated:
 It is expressly interpreted by this Court that when the State elects to file more than one count in an indictment or information the Statute provides for a cumulative maximum fee comprised of the sum of the maximum fees for each count. To interpret otherwise could lead to an unfair result of an attorney having to represent a client on numerous cases within one proceeding and only be entitled to a maximum mandated by the most serious crime charged.
For the reasons set forth below, we affirm those parts of the trial court's decision holding that the fee limits of section 925.036, Florida Statutes, may be stacked and awarding the appellees the requested compensation.
Section 925.036, Florida Statutes, provides as follows:
 Appointed counsel; compensation. — An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:
 (1) For misdemeanors and juveniles represented at the trial level: $500.
 (2) For noncapital, nonlife felonies represented at the trial level: $1,500.
 (3) For life felonies represented at the trial level: $2,000.
 (4) For capital cases represented at the trial level: $2,500.
 (5) For representation on appeal: $1,000.
The statute itself does not indicate whether stacking is to be allowed. It simply provides that compensation for representation in various types of cases is not to exceed the limits established "per case per defendant." The wording of the statute *Page 542 
leaves it open to either of two interpretations; that "per case" allows the attorney compensation for each charged offense on which he represented the defendant, or, that "per case" limits the attorney to the maximum fee allowed for the most serious charge on which he defended his client, regardless of the number of offenses joined for trial. Because of this ambiguity, we must apply the rules of statutory construction to determine whether fees may be stacked. "In statutory construction legislative intent is the pole star by which we must be guided, and this intent must be given effect even though it may appear to contradict the strict letter of the statute and well-settled canons of construction." State v. Sullivan, 95 Fla. 191, 207,116 So. 255, 261 (1928). In determining our pole star, legislative intent, we are not to analyze the statute in question by itself, as if in a vacuum; we must also account for other variables. Thus, it is an accepted maxim of statutory construction that a law should be construed together and in harmony with any other statute relating to the same purpose, even though the statutes were not enacted at the same time. Garner v.Ward, 251 So.2d 252 (Fla. 1971). We have in this case, another section within the same statute which must be harmonized with section 925.036, Florida Statutes.
Section 925.035, Florida Statutes (1977), provides:
 If the court determines that the defendant in a capital case is insolvent and desires counsel, it shall appoint an attorney to represent the defendant. If the court appoints an attorney other than the public defender, the attorney shall be allowed reasonable compensation for representing the defendant, as determined by the court.
(Emphasis supplied.) The potential for conflict between the two sections is evident. One sets limits on the fees which may be awarded, while the other requires reasonable compensation. In establishing limits on the fees which can be paid court-appointed attorneys per case per defendant, the legislature clearly intended to limit the burden which such representation places on public treasuries and to provide guidelines for courts to follow. Conceivably, in the absence of any kind of limitation on fees, a small county with limited resources could be placed in serious financial difficulties. Section 925.036, Florida Statutes, was intended to decrease the likelihood of such an occurrence.
Section 925.035, Florida Statutes, on the other hand, seeks to insure that counsel is made available to those charged with a capital offense who otherwise could not afford to hire an attorney and that the attorney appointed is reasonably compensated for his services. The conflict between sections 925.035 and 925.036 arises when "reasonable compensation" exceeds the limits imposed by section 925.036.
If chapter 925, Florida Statutes, is construed to prohibit stacking of fees and the appellees here are limited to a fee not to exceed $2,500, neither will receive the "reasonable compensation" required by section 925.035, Florida Statutes, for their services as court-appointed counsel. Thus, such an interpretation conflicts with the provisions of section 925.035. Alternatively, section 925.036 may be interpreted to allow stacking. If it is so construed, the appellees can be awarded the amount established by the trial court as reasonable compensation for their services, and yet still be within the limits of section 925.036. There would be no conflict with the provisions of any section of the statute.
Clearly, given the choice, the proper interpretation of this statute is the one permitting stacking. "[C]ourts, in construing a statute, must, if possible, avoid such construction as will place a particular statute in conflict with other apparently effective statutes covering the same general field." Howarth v.City of DeLand, 117 Fla. 692, 701, 158 So. 294, 298 (1934). "[W]here two statutes operate on the same subject without positive inconsistency or repugnancy, courts must construe them so as to preserve the force of both without destroying their evident intent, if possible." Mann v. Goodyear Tire and RubberCompany, 300 So.2d 666, *Page 543 
668 (Fla. 1974). By construing chapter 925 to allow stacking, a potential conflict between two sections thereof will be avoided and any inconsistency will be resolved. Any other construction would exacerbate the problem, and be improper.
An interpretation allowing stacking is also compelled by the rule of statutory construction which provides that when the meaning of a statute is at all doubtful, the law favors a rational, sensible construction. Realty Bond Share Co. v.Englar, 104 Fla. 329, 143 So. 152 (1932). Courts are to avoid an interpretation of a statute which would produce unreasonable consequences. Id.
If stacking is not permitted, the result could be quite unfair and unreasonable to the court-appointed attorney. He might be forced to defend a client on multiple nonlife felonies, and life felonies joined with a capital case, spend a large amount of time thereon, and still be limited to $2,500 in compensation for his services, as in this case. It is illogical to construe the law so that regardless of the number of charges on which a client is defended, his attorney is limited to a $2,500 fee. It is also illogical to construe the law in such a manner as to completely nullify the $2,000 maximum for life felonies simply because that offense is joined in the same prosecution with a separately punishable capital felony. Such is the case here. It would be much more reasonable and just to allow the attorney to stack the maximums for each offense for which his client was tried. Under that interpretation, the attorney would be more realistically and fairly compensated for the time spent on the case, and less likely forced to accept what might often turn out to be unfair compensation for his representation. At the same time, such an interpretation would still provide counties protection from exorbitant, limitless legal fees. Guidelines and maximums would not be abolished; they would simply be more realistic and equitable.
Given the differing interpretations of chapter 925, the proper one is that which allows stacking. It is the only construction which preserves and promotes the legislative goal of protecting county treasuries and providing guidelines for courts without impairing the section of the statute requiring reasonable compensation for court-appointed attorneys. It leads to more reasonable, sensible results. It is proper under the rules of statutory construction. For those reasons, we affirm that part of the circuit court's decision holding that the fee limits of section 925.036, Florida Statutes, may be stacked and awarding the appellees the requested compensation.
The court in Dade County v. Goldstein, 384 So.2d 183, 188-89, (Fla.3d DCA 1980), interpreted section 925.036, Florida Statutes (1979), as follows:
 By its plain terms, this statute provides that an attorney appointed under Section 27.53, Florida Statutes (1979), shall be compensated exclusively at an hourly rate to be fixed by the chief judge or the senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. As such, the trial court by implication must find, based on a proper showing, that the appointed attorney reasonably expended a certain amount of hours in representing the indigent client, and, thereafter, compute the fee due based on the above established hourly rate. The statute provides no other method by which a fee may be computed, as for instance, taking into consideration the nature of the services rendered, the responsibility incurred, the skill required, the circumstances under which it was rendered, the value of the services to the client, and the beneficial results, if any, of the services. See Pfohl v. Pfohl, 345 So.2d 371, 379 (Fla.3d DCA 1977). Under the above statute, the exclusive method of compensating counsel is computed solely on the above hourly basis.
 Regardless of the reasonable number of hours expended by counsel, the above statute further provides that in no event shall the fee award exceed the following maximum amounts per defendant per case, to wit: $2,500 per capital felony case, $2,000 per life felony case, $1,500 *Page 544 
per noncapital, nonlife felony case, $500 per misdemeanor case. In our view, a case as so used by the statute must be considered a count charging an alleged crime in an indictment or information as applied to an adult criminal trial. Any other interpretation makes little sense. for example, when we deal with a multi-count indictment or information charging various types of felonies [which may include capital, life, and first, second or third degree felonies], as well as misdemeanors, one can only logically categorize each count as a capital case, a life felony case, a noncapital, nonlife felony case, and a misdemeanor case depending on the crime charged therein. We reject Dade County's contention that a case should be construed as an indictment or information no matter how many or what kinds of counts or charges are contained therein, because it would be logically impossible to determine thereafter what type of case it was as each count may charge, as here, significantly different crimes. The only logical way of interpreting the statute, in our view, is to consider each count as a separate case and categorize the case according to the crime charged in the count. Moreover, it makes no sense and is patently unfair to compensate an attorney who represents an insolvent defendant on a one-count indictment or information on the same basis as an attorney who represents an insolvent defendant on a multi-count indictment or information; the amount of work expended in defense of the two types of indictments or informations is frequently different as the multi-count indictment or information necessarily exposes the defendant to a much greater criminal liability. In short, any other construction of the statute, other than the one we reach herein, would yield an illogical and unreasonable result which we are constrained by law to avoid. Thomas v. State, 317 So.2d 450 (Fla.3d DCA 1975).
We approve this reasoning.
Having resolved the matter on that basis, we need not, and do not, rule on the constitutionality of the statute. WillistonHighlands Development Corp. v. Hogue, 277 So.2d 260 (Fla. 1973). Likewise, the circuit court's ruling on the constitutionality of the statute was unnecessary. Accordingly, those portions of its order of compensation finding section 925.036, Florida Statutes, unconstitutional as applied and on its face are reversed.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., concurs in result only.