400 So.2d 1028 (1981)
PINELLAS COUNTY, Appellant,
v.
Roger R. MAAS and Paul C. Scherer, Appellees.
No. 80-1941.
District Court of Appeal of Florida, Second District.
July 1, 1981.
Jean H. Kwall, Asst. County Atty., Clearwater, for appellant.
Philip J. Padovano, Tallahassee, for appellees.
Howard B. Eisenberg, Washington, D.C., for National Legal Aid and Defender Association as amicus curiae.
GRIMES, Judge.
This is an appeal from an order declaring sections 27.53 and 925.036, Florida Statutes (1979), unconstitutional to the extent that they attempt to limit a court's award of reasonable attorney's fees for the services of appointed counsel in representing indigent criminal defendants.
The state charged Michael Gross with first degree murder, and the trial court appointed a public defender to represent him. After a conflict developed, a private attorney was appointed to represent Gross. This attorney then had to withdraw, and the court appointed Paul Scherer in his place. At Mr. Scherer's request, the court also appointed Roger Maas as co-counsel, and they represented Gross during the trial at which the jury returned a guilty verdict. The court then sentenced Gross to life imprisonment pursuant to the jury's recommendation.
Mr. Scherer and Mr. Maas moved for attorney's fees and to establish the value of their services. Following a hearing, the court declared sections 27.53 and 925.036 unconstitutional and awarded them a $25,000 attorney's fee. In reaching its conclusion, the court stated:
12. The Court further finds that if Florida Statute 925.036 is applied, that the respective attorneys would be paid at an approximate hourly rate of $6.25 for their representation of this Defendant for his first degree murder trial which the Court finds highly unreasonable for competent trial counsel. The Court finds defense counsel in this cause are highly qualified and competent. The Court finds that $75 per hour out of Court and $100 per hour in Court is the prevailing rate in this community.
13. This Court is concerned that Florida Statute 925.036 and 27.53 as applied in this case operates as an unfair restraint of trade, constitutes unfair price setting, unjustly enriches the state, deprives counsel of a property right without due process of law, and effects future defendants *1029 in that it will deny them effective and competent counsel.
14. This Court finds that this case constitutes an "extraordinary case" as per the situation in Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978) and Florida Statutes 925.036 and 27.53 are an unconstitutional infringement on a Court prerogative and the separate power of the judiciary.
Pinellas County, which will be obligated to pay the fees, appeals from the court's order.
The county does not question the determination of the reasonable value of the attorneys' services. The dispute arises because of the limitations on fees for appointed counsel prescribed by section 925.036 which reads:
An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit. Such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. The compensation for representation shall not exceed the following per case per defendant:
(1) For misdemeanors and juveniles represented at the trial level: $500.
(2) For noncapital, nonlife felonies represented at the trial level: $1,500.
(3) For life felonies represented at the trial level: $2,000.
(4) For capital cases represented at the trial level: $2,500.
(5) For representation on appeal: $1,000.
There have been frequent confrontations of this nature around the country. In most jurisdictions an appointed attorney is entitled to no fee whatsoever in the absence of statutory authorization. Annot., 21 A.L.R.3d 819 (1968). Where the legislatures have authorized a fee, several courts have upheld the statutory maximums. E.g., Daines v. Markoff, 92 Nev. 582, 555 P.2d 490 (1976); State v. Apodaca, 252 Or. 345, 449 P.2d 445 (1969). Nevertheless, under the increased demand for appointed counsel in the wake of the United States Supreme Court's decision in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), some courts have held that the judiciary has an inherent right to award a reasonable attorney's fee in the absence of statute or without regard to statutory maximums. E.g., Smith v. State, 118 N.H. 764, 394 A.2d 834 (1978); State v. Rush, 46 N.J. 399, 217 A.2d 441 (1966).
The question has not been ignored in Florida. In Mackenzie v. Hillsborough County, 288 So.2d 200 (Fla. 1973), an attorney attacked as unconstitutional the statute which then established a maximum of $750 compensation for the defense of an indigent in a capital case. The supreme court specifically held that the statute "both on its face and as applied" comported with the due process and equal protection clauses of the state and federal constitutions. The later case of Rose v. Palm Beach County, 361 So.2d 135 (Fla. 1978), cited by the court below, came about as the result of a change in venue of a criminal trial which made it necessary for witnesses, many of whom were indigent, to travel long distances to testify. The court affirmatively answered the certified question which asked: "Does a trial court have inherent power to order pre-payment of traveling and lodging expenses to ensure a fair trial to a criminal defendant and the state in excess of the statutory maximum of $5 a day and $.06 a mile when the witnesses are indigent?" 361 So.2d at 136. Justices England and Sundberg argued in dissent that the decision was inconsistent with Mackenzie v. Hillsborough County.
Two of our sister courts have also spoken on the subject. In County of Seminole v. Waddell, 382 So.2d 357, 358 (Fla. 5th DCA 1980), the court concluded that in view of Mackenzie v. Hillsborough County the constitutional attack on section 925.036(4) was "merely colorable, rather than substantial." The court acknowledged the lack of harmony between Rose and Mackenzie but pointed out that Mackenzie dealt directly and *1030 explicitly with the issue at hand. Two months later the court in Dade County v. Goldstein, 384 So.2d 183 (Fla.3d DCA 1980), also reversed an order which awarded attorney's fees in excess of the maximum prescribed by section 925.036.
Appellees and amicus curiae argue that courts may award reasonable attorney's fees to appointed counsel under their inherent right to control the conduct of the judicial system. Certainly, this was the basis upon which the court in Rose permitted the payment of witness fees in excess of the statutory maximum. But the case at hand is unlike Rose. There, the court held that the expenditure of public funds was required to protect the rights of the defendant and that the action taken was necessary to enable the court to perform one of its essential judicial functions. Here, no such considerations were present. Mr. Scherer and Mr. Mass never suggested the hardship of their appointment or even asserted that they were entitled to be paid more than the statute allowed until they had concluded their work. There was nothing in the record to show that the statutory maximums, albeit unrealistic by today's standards, were precluding indigent defendants from obtaining the benefit of competent counsel. Simply put, there were no extraordinary circumstances which might call for the application of the inherency doctrine. Cf. People v. Randolph, 35 Ill.2d 24, 219 N.E.2d 337 (1966), in which the court approved fees in excess of a $250 statutory maximum where a trial in a changed venue had already run two months and was expected to take several more and the appointed attorneys were asking to withdraw on a hardship basis.
We hold that sections 27.53 and 925.036 are constitutional. Since the state charged defendant Gross with only one count of murder, the maximum fee which the two lawyers could receive together was $2,500. County of Seminole v. Waddell.
REVERSED.
SCHEB, C.J., and CAMPBELL, J., concur.