422 So.2d 91 (1982)
Alan R. SOVEN, Petitioner,
v.
PALM BEACH COUNTY, Respondent.
No. 81-1397.
District Court of Appeal of Florida, Fourth District.
November 24, 1982.
Alan R. Soven, North Miami, pro se.
Charles F. Schoech, County Atty., and David M. Wolpin, Asst. County Atty., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
Petitioner seeks a writ of certiorari, contending the trial court erred in awarding him an attorney's fee of only $3,000 under the circumstances of this case. We agree, grant the writ and quash the order.
Lindy Slappy and his brother, Mack Daniel Core, were charged with first degree murder and declared indigents. Because of a conflict with the public defender's office, both were appointed counsel pursuant to section 925.035, Florida Statutes (1979); petitioner was appointed to represent Slappy.
Following his appointment in 1980, petitioner expended over 157 hours of services. At the time of his appointment, as well as when his services were concluded, section 925.036(4), Florida Statutes (Supp. 1980), provided a maximum fee of $2,500 for capital cases; however, section 925.035(3), Florida Statutes (1979), provided:
If there is a second trial of the same case, the appointed attorney shall be allowed reasonable compensation for the defense at the trial.
Petitioner's affidavit reflects that almost one-third of his time was expended after the first trial in preparation for or conducting the second trial; yet the court's award for those services was only $500 more than the maximum fee allocated for one trial.
It was the trial judge's concern that the second trial was occasioned by the fact that *92 after two days of both defendants' trial, a severance was ordered; that petitioner should have moved for a severance early in the preparatory stage (which motion would have been granted); and that the time expended in the first trial was needlessly caused by the delayed severance. However, as petitioner pointed out to the trial court, his client did not seek a severance early on because of the understanding on petitioner's part, as a result of his communication with counsel for the co-defendant, that the co-defendant would testify as to exculpatory facts involving petitioner's client. The motion to sever was occasioned only when it was revealed to petitioner on the eve of trial that the co-defendant was not going to take the stand.
Petitioner further has pointed out to this court that Florida Rule of Criminal Procedure 3.152 authorizes motions for severance during trial as well as prior thereto (Florida Rule of Criminal Procedure 3.153 provides that a trial court may entertain such motions at the trial in its discretion). This may not have been pointed out to the trial court because at the hearing on petitioner's motion, when the county announced it was stipulating to a fee of $4,875 based on a maximum possible fee of $5,000, the trial court rejected the stipulation. Perhaps petitioner did not anticipate such rejection and was not as prepared for argument as he might have been.
In any event, the fee awarded was unreasonable under the circumstances. The trial of a capital case characteristically takes several days and often weeks. And, as we construe the legislative intent, to earn more than $2,500 it was unnecessary to participate in two complete trials in both of which a verdict was rendered.
We are aware of respondent's concern for the taxpayers' dollars in seeking to minimize attorneys' fees awarded special public defenders who are appointed to represent indigents. That concern plainly is legitimate, but the administration of justice involves a greater concern; namely, the provision of effective assistance of counsel to indigents. See Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981) (Sundberg, C.J., concurring). A defendant's need for effective counsel is best exemplified in a case such as this one which resulted in a jury verdict of not guilty. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), lifted the states' criminal justice systems out of the Dickensian past, thus it is a courageous and profound judicial decision. Preserving human dignity is not molly-coddling.
LETTS, C.J., and BERANEK, J., concur.