PER CURIAM.
The Board of County Commissioners of Collier County filed this petition for writ of certiroari asking this court to quash an order of the respondent circuit judge awarding attorney’s fees of $14,000. The award consisted of $7,000 to each of the two attorney respondents for their joint representation of two indigent defendants under section 925.035, Florida Statutes (1983). We grant the petition, reverse the awards and remand.
The trial court had appointed respondent Monaco to represent three co-defendants in a first degree murder case after the public defender had withdrawn by reason of conflict of interest. Later, Monaco moved for appointment of assistant counsel, and the trial court appointed respondent Faerber as assistant counsel. Those two attorneys subsequently withdrew from representing one of the defendants because of conflict of interest but continued to represent the other two defendants through their trial.
After the trial, Monaco and Faerber filed a motion for attorney’s fees. The trial court, over objection by the Board, awarded Monaco and Faerber $14,000 for their representation of the two defendants.
In its petition to this court, the Board contends that the $14,000 award was contrary to the provisions of the relevant statutes which provide:
If the court determines that the defendant in a capital ease is insolvent and desires counsel, it shall appoint a public defender to represent the defendant. If the public defender appointed to represent two or more defendants found to be insolvent determines that neither he nor his staff can counsel all of the accused without conflict of interest, it shall be his duty to move the court to appoint one or more members of The Florida Bar, who are in no way affiliated with the public defender in his capacity as such or in his private practice, to represent those accused. The attorney shall be allowed compensation, as provided for in s. 925.-036 for representing a defendant.
Section 925.035(1), Florida Statutes (1983).
An attorney appointed pursuant to s. 925.035 or s. 27.53 shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section. In addition, such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. If the attorney is representing a defendant charged with more than one offense in the same case, the attorney shall be compensated at the rate provided for the most serious offense for which he represented the defendant. This section does not allow stacking of the fee limits established by this section.
The compensation for representation shall not exceed the following:

For capital cases represented at the trial level: $3,500.
*1009 Section 925.036(1) and (2)(d), Florida Statutes (1983). The Board argues that the proper construction of these two statutes mandates a payment of no more than $3,500 for the total representation of a defendant in a capital case, regardless of the number of attorneys appointed to undertake that representation. Accordingly, the Board contends that the fee to Monaco and Faerber for their representation of two defendants in this case should have been $3,500 per defendant, or a total of $7,000.
Monaco and Faerber, on the other hand, argue that section 925.035 contemplates the appointment of “one or more” attorneys and that, although section 925.036 uses the singular word “attorney” in referring to compensation, the statutes can and should be read together as allowing payment of the $3,500 maximum fee to each appointed attorney. Accordingly, they contend that the trial court properly awarded a $14,000 fee on the basis of $3,500 per each attorney per each defendant.
The Board cites Pinellas County v. Maas, 400 So.2d 1028 (Fla. 2d DCA 1981), in which this court held that the statutory maximum fee could not be paid to each of two attorneys who had jointly represented a defendant. However, Monaco and Faer-ber point out that when Maas was decided section 925.036 provided that the statutory fees would be the maximum paid “per case per defendant” and that language has since been dropped from the statute. Maas does not explicitly state the reason for its holding; the court may or may not have relied upon the “per case per defendant” language. Monaco and Faerber contend that Maas is not controlling because of the subsequent change in statutory language.
We agree that Maas does not control this case because it cannot be determined if the result in Maas was based on the “per case per defendant” language. But, for reasons explained below, we reach the same result as Maas in our interpretation of the amended statute. See also County of Seminole v. Waddell, 382 So.2d 357 (Fla. 5th DCA 1980), and Dade County v. Goldstein, 384 So.2d 183 (Fla. 3d DCA 1980), which were cited to us by the Board and which Monaco and Faerber distinguish for the same reason that applies to Maas.,
Monaco and Faerber further argue that the legislature’s dropping of the “per defendant” language indicates an intention to allow more than one fee per case and to allow the maximum statutory fee to be paid to each of more than one appointed attorney per each defendant’s case. We do not believe that the 1981 amendment to section 925.036 indicates the intent the attorneys assert. Prior to the amendment, courts had interpreted the “per case per defendant” language as allowing “stacking” of fees, i.e., payment of the statutory fee for each of multiple counts charged in an indictment or information. See, e.g., Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981). The 1981 amendment to section 925.036 added a specific prohibition against stacking. The “per case per defendant” language was deleted at the same time, logically because Wakulla relied upon that language for reaching a result which permitted stacking for multiple counts. Our review of drafts of this amendment prior to its adoption and of other legislative history does not reveal any indication that the deletion of the “per case per defendant” language was intended to allow payment of the maximum statutory fee to each of multiple appointed attorneys for a particular defendant.
As the attorneys argue, the language in section 925.035 does contemplate the possibility of appointing more than one attorney. However, that does not provide necessarily logical support for their position. Instead, the statute could well be intended to refer to the appointment of more than one attorney only when the public defender has a conflict in representing three or more defendants and, to avoid that conflict, retains the representation of one defendant while requesting the appointment of separate counsel for each of the other defendants. This latter intention may well be evidenced by the legislature’s use in section 925.035 of “two or more” in its reference to the number of defendants involved, followed *1010 by its use of “one or more” in referring to the number of attorneys to be appointed. That is, the reference to “two” defendants may be coupled with the reference to the appointment of one attorney (the other defendant to be represented by the public defender) and the reference to “more” than two defendants may be coupled with the reference to the appointment of “more” than one attorney (one defendant to be represented by the public defender and each other defendant to be represented by a different attorney). We readily concede that the statutes are not a model of clarity.
In a situation, as here, involving the appointment of more than one attorney to represent a defendant, we do not believe the legislature evidenced an intention to allow payment for that representation to exceed the statutory maximum amount. The statutory maximum fee, to a large extent, represents an arbitrary decision by the legislature to limit the amount that the government is to pay for appointed counsel. It seems obvious that, on the basis of the actual time reasonably expended, the amount of an earned fee could well be much more than the permitted statutory maximum. For example, in this case there was testimony that a reasonable fee for representation of the two defendants would be $25,000. We are not saying that the statutory fee limit is right. We are only saying that the matter is legislative, and our province is only to construe the legislative intent.
We are concerned, as was the supreme court in Wakulla County, about fair and reasonable compensation to attorneys in these types of circumstances. However, we do not have before us for construction, as did the supreme court in Wakulla County, a statute providing for “reasonable compensation.” Id. at 542. When section 925.035 was amended to its present form, the requirement of “reasonable compensation” was dropped. Therefore, we have no basis upon which to construe the statutes at hand as requiring fair or reasonable compensation to the attorneys. The validity of the statutes is not in issue. Notwithstanding what our feelings may be on the subject and the public policy reasons which may exist for providing fair and reasonable compensation to attorneys for indigent criminal defendants, we have no basis in this case, to permit more compensation than the statutes allow. Arguments to permit payment of earned fees in this type of situation, however meritorious, must be addressed to the legislature.
The maximum fees established by statute do seem to have some potential intended relation to the amount of time involved in that the statutory maximum fee is larger for the more serious crimes which might be thought to require, as a general rule, more time and preparation. But the statutory fees cannot seriously be thought to be intended to constitute full payment of amounts earned. To allow payment of the statutory maximum fee to each of multiple appointed attorneys for each defendant in this case would seem to circumvent the legislature’s apparent intent to set a limit on the expense to the government for representation of criminal defendants, regardless of whether the earned amount of fees would be higher, whether done by one attorney or multiple attorneys.
In the final analysis, we cannot avoid a conclusion that the legislature intended to be frugal as to fee amounts involved in comparison to fees otherwise earned in these types of cases. See Wakulla County where the supreme court said the legislature “clearly intended to limit the burden which such representation places on public treasuries_” Id. at 542.
Apparently this issue under the current statutes has not previously been addressed by an appellate court in Florida. The arguments by respondents Monaco and Faerber are well presented and persuasive. We certify the following question to the Florida Supreme Court as being of great public importance:
CAN EACH OF MULTIPLE ATTORNEYS APPOINTED PURSUANT TO SECTION 925.035 TO REPRESENT A DEFENDANT ON A SINGLE CHARGE BE AWARDED THE MAXIMUM COM *1011 PENSATION PROVIDED IN SECTION 925.036 FOR THAT CHARGE?
The petition for writ of certiorari is granted, the order of the trial court is reversed, and this cause is remanded for proceedings consistent herewith.
RYDER, C.J., and CAMPBELL and LEHAN, JJ., concur.