DANAHY, Acting Chief Judge.
By petition for writ of certiorari, two attorneys who represented a criminal defendant pretrial ask this court to review an order of the respondent circuit judge denying them an award of attorneys’ fees for that representation.
The petitioners were appointed to represent three criminal defendants — Suarez, Sori and Reyes. Approximately six months later, the petitioners were permitted to withdraw from their representation of Suarez on grounds of conflict of interest. They continued to represent Sori and Reyes through trial. Another attorney was appointed to represent Suarez and did represent him through trial. That attorney was awarded the statutory fee of $3,500.
The petitioners asked the trial judge to award them fees for their six months’ representation of Suarez prior to their withdrawal. That motion was denied and this petition for writ of certiorari followed.
This court has recently ruled that the statutory maximum fee of $3,500 cannot be exceeded simply because a defendant has more than one attorney; that is, one statutory fee of $3,500 is available per defendant no matter how many attorneys represent him. Board of County Commissioners v. Hayes, 460 So.2d 1007 (Fla. 2d DCA 1984). As pointed out above, the trial judge awarded Suarez’ trial attorney the statutory fee of $3,500. The order making that award is not before us for review and we cannot disturb it.
In our view, petitioners have waived any right to a portion of the statutory fee by their delay in asking the trial judge for an award of fees to them. In a case such as this, where attorneys represent an indigent criminal defendant and withdraw from that representation prior to trial, they must make it known at that time to the trial judge that they request a portion of the statutory fee. To wait until after the trial is over and the statutory fee has been awarded to the trial attorney is unfair to all concerned.
The petition for writ of certiorari is denied.
LEHAN and HALL, JJ., concur.