Mr. William G. Sestak Attorney Clerk of the Court Pasco County 700 Fifth Avenue Zephyrhills, Florida 34248
Dear Mr. Sestak:
This is in response to your request for an opinion on substantially the following question:
 WHETHER THE COUNTY IS RESPONSIBLE FOR OUT-OF-COUNTY TRAVEL EXPENSES OF SPECIAL ASSISTANT PUBLIC DEFENDERS?
Section 27.53, F.S., among other things, provides for the registration of special assistant public defenders who are available for appointment when there exists a conflict of interest which precludes representation of indigent criminal defendants by the public defender. Subsection (2) of that statute, in part, provides: "Any member of The Florida Bar, in good standing, may register his availability to the public defender of any judicial circuit for acceptance of special assignments without salary to represent indigent defendants." Subsection (3) provides the circumstances and procedures for the appointment of these special assistant public defenders. Relying on Dinauer v. State,317 So.2d 792 (1 D.C.A.Fla., 1975), and Warren v. Capuano, 269 So.2d 380 (4 D.C.A.Fla., 1972), aff'd., 282 So.2d 873 (Fla. 1973), this office in AGO 84-94 concluded, among other things, that travel expenses incurred in criminal cases by the public defender in connection with out-of-jurisdiction depositions are not taxable court costs. This office was of the opinion that such travel expenses must be borne by the various public defenders as an operational expense of their office which is provided through the budgetary process. See, e.g., Shuman v. State, 358 So.2d 1333 (Fla. 1978), wherein the Florida Supreme Court, in distinguishing "operation expenses" from "costs" of appeals, included travel expenses as an operational expense of the public defenders' office within the purview of s.27.54(2), F.S. As you correctly point out in your letter, however, the special assistant public defenders do not possess an established budget such as the various public defenders for the representation of indigent criminal defendants. You therefore inquire as to the responsibility for these out-of-county travel expenses incurred by special assistant public defenders.
Subsection (2) of s. 27.53, F.S., in referring to these special assistant public defenders, provides that "[s]uch persons [registered with the public defender for special assignment] shall be listed and referred to as special assistant public defenders and be paid a fee and costs and expenses as provided in s. 925.036." (e.s.) Section 925.036(1), F.S., in pertinent part, provides:
 An attorney appointed pursuant to s. 925.035 or s. 27.53
shall, at the conclusion of the representation, be compensated at an hourly rate fixed by the chief judge or senior judge of the circuit in an amount not to exceed the prevailing hourly rate for similar representation rendered in the circuit; however, such compensation shall not exceed the maximum fee limits established by this section. In addition, such attorney shall be reimbursed for expenses reasonably incurred, including the costs of transcripts authorized by the court. (e.s.)
These fees and expenses upon order of the court shall be paid by the county. See, Pinellas County v. Maas, 400 So.2d 1028 (2 D.C.A.Fla., 1981); Soven v. Palm Beach County, 422 So.2d 91 (4 D.C.A.Fla., 1982); In re Matter of Attorney's Fees Awarded in State of Florida v. Warman, 415 So.2d 846 (4 D.C.A.Fla., 1982). See also, s. 9, Art. XVI, 1885 Const. providing in pertinent part: "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law, and all fines and forfeitures . . . [shall be] applied to such legal costs and expenses." (e.s.) Although this provision was not carried forward by the 1968 Constitution, s. 10, Art. XII, State Const., provides that all provisions of Articles I-IV, VII, and IX-XX of the 1885 Constitution as amended, which are not inconsistent with the 1968 revision shall become statutes subject to modification or repeal as are other statutes. As stated in AGO 84-94, this provision has not been modified or repealed by any statute enacted by the Florida Legislature, and therefore appears to have continued validity as to the counties' liability for the legal costs and expenses incurred in the criminal prosecution or defense of an insolvent or discharged defendant. And see, Benitez v. State,350 So.2d 1100 (3 D.C.A.Fla., 1977), cert. denied, 359 So.2d 1211
(Fla. 1978), and Warren v. Capuano, supra, recognizing the preservation of this former constitutional provision as a statute. While the various public defenders have an established budget which includes expenses for travel as an operational cost of the office and the counties are prohibited by s. 27.54(2) from appropriating or contributing funds to the operation of the offices of the various public defenders, ss. 27.53 and 925.036 govern and control the payment of expenses to special public defenders. As noted above, such special public defenders have no established budget for operation expenses and based upon ss. 27.53
and 925.036, they appear to be entitled to receive reimbursement for their expenses including travel expenses from the county where the crime was committed.
It is therefore my opinion that the county in which the crime was committed is liable for the out-of-county travel expenses of special assistant public defenders appointed pursuant to s. 27.53, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General