489 So.2d 40 (1986)
Nicholas G. SCHOMMER and James V. Lobozzo, Jr., Appellants,
v.
The Honorable E. Randolph BENTLEY, Circuit Judge, in and for the TENTH JUDICIAL CIRCUIT of Florida, and Board of County Commissioners of Highlands County, Florida, Appellees.
No. 85-1289.
District Court of Appeal of Florida, Second District.
February 7, 1986.
*41 Nicholas G. Schommer, pro se.
James V. Lobozzo, pro se.
Bert J. Harris, III of Dunty & Harris, Lake Placid, for appellees.
RYDER, Chief Judge.
Nicholas Schommer and James Lobozzo appeal a final order for payment of attorney's fees and costs. The proper procedure for challenging an order awarding attorney's fees to court appointed counsel is by petition for certiorari, not appeal. Beers v. Palm Beach County, 415 So.2d 846, 847, n. 1 (Fla. 4th DCA 1982). Therefore, we treat this appeal as a petition for certiorari. Certiorari denied.
In September of 1984, the trial judge appointed Nicholas G. Schommer as a special public defender to represent a defendant in a capital case. The court authorized Schommer at the trial level to utilize other members of his law firm as may be necessary or expedient in representing the defendant.
Schommer's partner, James V. Lobozzo, Jr., aided Schommer in the preparation and defense for the defendant. Both attorneys represented the defendant throughout the five-day trial. Schommer submitted a motion and affidavit for attorney's fees in the amount of $5,182.10. Lobozzo filed a motion and affidavit for attorney's fees in the amount of $3,399.00. The attorneys calculated their rates at $30.00 per hour of out-of-court time and $50.00 per hour of in-court time.
After a hearing, the court ordered the County to pay Schommer and Lobozzo a total amount of $3,500.00. In its order, the court stated that the fees which the attorneys requested would be reasonable compensation, but that the court was limited to the restraints of section 925.036, Florida Statutes (1983), which limits the maximum compensation for trial representation in a capital case to $3,500.00. The court stated that because of the low hourly rate paid for the representation of capital cases, it had problems in finding private counsel who would accept appointments as special public defenders to represent indigent defendants. The trial court was seriously concerned with the maximum compensation amounts under the statute and stated that the issue should be addressed by either the legislature or the judiciary.
The court also recognized that it was bound by this court's decision in Board of County Commissioners of Collier County v. Hayes, 460 So.2d 1007 (Fla. 2d DCA 1984), which held that where a court appoints multiple attorneys under section 925.035, Florida Statutes (1983), to represent a defendant on a single charge, the court may only award the maximum compensation provided for in section 925.036, Florida Statutes (1983). The trial court noted that this court certified the question in Hayes to the Florida Supreme Court as being of great public importance. There is no evidence that the parties in Hayes ever took up the question to that court.
In the case before us, we are bound by our decision in Hayes, 460 So.2d at 1007. See also Monaco v. Hayes, 466 So.2d 1223 (Fla. 2d DCA 1985). Additionally, the question of whether the statutory fee limitations *42 are unreasonable has been addressed by other appellate districts, which have ruled that the statute does not give a trial judge the authority to award greater fees, even where there are exceptional circumstances. Okeechobee County v. Jennings, 473 So.2d 1314, 1317 (Fla. 4th DCA 1985); Martin County v. Makemson, 464 So.2d 1281, 1283 (Fla. 4th DCA 1985); Metropolitan Dade County v. Lyons, 462 So.2d 487 (Fla. 3d DCA 1984); Marion County v. DeBoisblanc, 410 So.2d 951 (Fla. 5th DCA), petition for review denied, 419 So.2d 1196 (Fla. 1982). These cases have all been grounded upon the Florida Supreme Court's ruling over four and one-half years ago in Metropolitan Dade County v. Bridges, 402 So.2d 411 (Fla. 1981), which held the provisions of the 1978 version of section 925.036 were mandatory and were constitutional.
Recently, the fourth district has criticized the fee limitation statute and noted that other states have found such statutes to be facially unconstitutional and unconstitutional as applied. See Makemson, 464 So.2d at 1284-86; Jennings, 473 So.2d at 1314, 1316 (Anstead, C.J., concurring specially). The Makemson opinion and the Jennings specially concurring opinion were particularly vigorous in setting forth both the constitutional and practical reasons why the statutory fee limitations are unreasonably insufficient.
In DeBoisblanc, 410 So.2d at 953, the fifth district stated that there is a long established "obligation on the part of the legal profession to represent indigents upon court order without any compensation." (Emphasis supplied). The actual application of this principle fails to take into account the practical reality that the defense of indigent clients falls upon but a very small sector of the members of the bar, those being criminal defense attorneys. In capital cases, that sector of the bar is further limited to those criminal trial attorneys who have acquired the expertise, experience and competence to try a capital case.
Because of the important public policy implications which are interrelated with this issue, we certify the following questions, which include those certified by the fourth district:
I. WHERE A COURT ISSUES ONE ORDER UNDER SECTION 925.036, FLORIDA STATUTES (1983), WHICH AUTHORIZES MULTIPLE ATTORNEYS TO REPRESENT ONE DEFENDANT ON A SINGLE CHARGE, MAY EACH ATTORNEY BE AWARDED THE MAXIMUM COMPENSATION UNDER SECTION 925.036?
II. WHETHER SECTION 925.036, FLORIDA STATUTES IS UNCONSTITUTIONAL ON ITS FACE BECAUSE IT INTERFERES WITH THE INHERENT AUTHORITY OF THE COURT TO ENTER SUCH ORDERS WHICH ARE NECESSARY TO CARRY OUT ITS CONSTITUTIONAL AUTHORITY?
III. IF SECTION 925.036 IS CONSTITUTIONAL, MAY THE STATUTE BE HELD UNCONSTITUTIONAL AS APPLIED TO EXCEPTIONAL CIRCUMSTANCES; OR, IN THE ALTERNATIVE, DOES A TRIAL COURT HAVE THE INHERENT AUTHORITY TO AWARD A GREATER FEE FOR TRIAL AND APPEAL THAN THE STATUTORY MAXIMUM IN AN EXTRAORDINARY CASE?
IV. IF THE TRIAL COURT DOES HAVE THE AUTHORITY TO AWARD A GREATER FEE THAN THE STATUTORY MAXIMUM IN EXCEPTIONAL CIRCUMSTANCES, SHOULD THE TRIAL COURT HAVE AWARDED THE REQUESTED AMOUNT IN THIS CASE?
DANAHY and FRANK, JJ., concur.