PER CURIAM.
The board of governors of the Florida Bar has petitioned the Court to amend disciplinary rule 2-106 of the Code of Professional Responsibility. The proposed amendment deals with contingent fee contracts and provides for a statement of client’s rights and a three-day contract cancellation period as well as establishing a schedule of fees which can be charged in contingent fee contracts. We rejected a similar proposal in 1977 “due to the absence of competent evidence demonstrating any significant abuse of contingent fee arrangements.” The Florida Bar re Amendment to Code of Professional Responsibility, 349 So.2d 630, 632 (Fla.1977).[1]
The legal profession has generally viewed contingent fees as the “poor man’s keys to the courthouse,” and there is still no hard evidence that the contingent fee system is being abused. As the board of governors points out, however, it appears that the public perceives contingent fees to be abusive in the wake of rising insurance costs and large verdicts. The state legislature also appears to have discerned abuses in the contingent fee system because it enacted section 768.595, Florida Statutes (1985), which contains a schedule of permissible attorney’s fees in medical malpractice actions.[2]
In May 1985 the board of governors established a special commission on contingent fees and charged it with reviewing the available information on such fees in order to determine the existence of actual or perceived abuses and to make recommendations for changes, if necessary. After holding several hearings, the special commission delivered a preliminary report to the board. The board asked the bar’s tort litigation commission to review that preliminary report and, subsequently, to work with the special commission in preparing a final report. In January 1986 the board adopted the substance of the commissions’ recommendations, but amended the recommended fee schedule upward.
We have reviewed numerous comments and suggestions regarding the proposed amendment. Individual lawyers and members of the public, as well as groups such as the Academy of Florida Trial Lawyers, the Florida Medical Association, and Associated Industries of Florida, have responded. Their comments and suggestions range from basic philosophical differences as to whether a schedule of contingent fees needs to be or should be adopted to seeking to have section 768.595 declared unconstitutional to whether the recommended fee schedule is too high or too low to technical changes in the proposed amendment.
In its 1977 opinion this Court expressed its belief (possibly, its hope) that lawyer advertising would create greater public awareness regarding attorneys’ fees and services and that competition would provide a self-regulator on fees. 349 So.2d at 632. After studying the proposed amendment and the responses we have received, such does not appear to be the case. We therefore adopt, with some changes, the board’s proposed amendment of disciplinary rule 2-106.[3]
As the major change from the board’s proposal, the Court originally adopted the commissions’ final report. On rehearing the board explained in a more satisfactory fashion why it did not adopt the commissions’ recommendations and asked that we modify 2-106(F). After further considera *962 tion, we have adopted the modifications proposed on rehearing. Those changes have been incorporated into the attached rule.[4] As the schedule now stands, it covers “recovery” in all personal injury and wrongful death contingent fee contracts, not just those in medical malpractice cases. It may be that, in the future, it can be demonstrated that further amendment is needed to, for example, adjust the percentages or dollar caps or to provide for net recovery. If such is shown, we will entertain further amendment to disciplinary rule 2-106. We have also added the demand for appointment of arbitrators to 2-106(F)(1)(b). The amended text of disciplinary rule 2-106 is set out following this opinion.[5] This amendment will be effective at 12:01 a.m., July 1, 1986, for contingent fee contracts entered into on or after that date.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD and EHRLICH, JJ., concur.
OVERTON, J., concurs specially with an opinion.
EHRLICH, J., concurs specially with an opinion.

. Limitations on contingent fees have been declared unconstitutional in at least 2 states: Heller v. Frankston, 504 Pa. 528, 475 A.2d 1291 (1984); Carson v. Maurer, 120 N.H. 925, 424 A.2d 825 (1980).

. The fee schedule is contained in § 768.595(7), which also provides that paragraph (7) will be superseded by a contingent fee schedule adopted by this Court. Paragraph (7) is hereby superseded.

.Several other states have limited contingent fees either through legislation or through court rule. The schedule we adopt is somewhere between the apparent extremes of California (10% of any recovery exceeding $200,000 in claims against health care providers, Cal.Bus. & Prof. Code § 6146(a)(4) (Deering 1986)) and Oklahoma (50% of net amount of judgment, Okla. Stat. tit. 5, § 7 (1981)).

. The changes are: removal of the fee limitation prior to filing suit; clarification of the post-judgment fee limit; clarification regarding multiple defendants; and modification of the provision regarding excessive fees.

. At the executive director's request we have also substituted the bar headquarters telephone number for the toll-free number in the statement of clients' rights.