HERSEY, Chief Judge.
The City of Dania appeals a summary final judgment and permanent injunction prohibiting the city from imposing its occupational licensing ordinance upon appellee, the Hertz Corporation. We affirm.
The summary final judgment states that plaintiff, Hertz,
is a rental car concessionaire of Broward County, which county owns and operates an airport facility known as the Fort Lauderdale-Hollywood International Airport. ... Pursuant to lease with said county, and in furtherance of its rental car concession, Plaintiff operates a rental car service and storage facility upon certain county owned land which constitutes a part of the Airport. Said land is located within the municipal boundaries of the Defendant CITY OF DANIA.... Defendant has sought to impose its occupational license ordinances upon Plaintiff by virtue of Plaintiffs conduct of business at the aforesaid service and storage facility_ Defendant issued to Plaintiff a violation notice and cease and desist order, ... [directing] Plaintiff to cease all operations at the premises until it acquired a City occupational license.
The statute applied by the trial court and relied upon by Hertz, section 125.015, Florida Statutes (1985), provides:
Any county coming within the provisions hereof shall have the power to acquire by purchase or condemnation the docks, wharves, warehouses, and other port facilities or any project (as herein defined) of any municipality within such county. Any project owned or operated by such county and lying within the boundaries of a municipality shall be under the exclusive jurisdiction of the county and shall be without the jurisdiction of said municipality.
Section 125.011(2) defines a “project” as:
[A]ny one or any combination of two or more of the following: Public mass transportation, harbor, port, shipping, and airport facilities of all kinds ... and may include all property, rights, easements, and franchises relating to any such project and deemed necessary or convenient for the acquisition, construction, purchase, or operation thereof.
Under Florida law a county which operates an airport that is located in whole or in part within a municipality has jurisdiction over the airport and all those facilities necessary and convenient to its operation, to the exclusion of any exercise of jurisdiction by the municipality. City of Opa-Locka v. Dade County, 384 So.2d 937 (Fla. 3d DCA 1980); City of Opa-Locka v. Metropolitan Dade County, 247 So.2d 755 (Fla. 3d DCA), cert, denied, 252 So.2d 802 (Fla.1971).
*1389 The city argues that the wording of section 125.015 is intended to distinguish between projects acquired from the municipality and those which, though located within the geographical limits of a municipality, are acquired from private sources. This is said to be based upon use of the phrase “[a]ny project owned or operated by such county ...” in the second sentence of the statute. It is argued that this refers back to the power given counties to acquire projects “of any municipality.” This, in turn, is to be interpreted as applying only to projects acquired “from” a municipality. Thus, concludes the city, the grant of exclusive jurisdiction applies only to those projects or parts of projects acquired directly from a municipality, either by purchase or condemnation.
A legislative scheme which distinguishes between two projects located side-by-side in a county-operated facility such as an airport, solely on the basis of the source of the county’s title, is simply not reasonable. We are bound to ascribe reasonableness to the intention of the legislature and a reasoned construction to its enactments. City of Boca Raton v. Gidman, 440 So.2d 1277 (Fla.1983); Wakulla County v. Davis, 395 So.2d 540 (Fla.1981).
We therefore construe the first sentence of the statute as referring to projects located within a municipality whether or not acquired “from” the municipality.
Finding no support in the record for appellant’s additional points on appeal, we affirm.
AFFIRMED.
DOWNEY and GUNTHER, JJ., concur.