HALL, Judge.
James B. Loper appeals from a final order which determined the percentage of attorney’s fees to be awarded him pursuant to his contingent fee contract with Bonny Apfelbeck. We elect to treat this appeal as a petition for a writ of certiorari, and for the reasons stated below, we grant the petition but remand for additional findings.
Bonny Apfelbeck is the personal representative of the estate of her deceased husband, Robert Stanley Apfelbeck, Jr. She employed attorney James Loper on a contingent fee basis to represent her in a wrongful death action against Edward Randall Wyrich and Tri-State Harvestore Systems, Inc. and on behalf of herself, her son, and her deceased husband’s mother and estate. The parties reached a settlement after the defendants filed their answers and discovery was conducted. Because the action involved a claim of a minor, the parties filed a joint petition and stipulation for approval of the settlement. § 744.387(3)(a), Fla.Stat. (1987). Attached to the petition and incorporated therein was a copy of the authority to represent contract by which Apfelbeck agreed to compensate Loper in pertinent part as follows: “(b) 33 1/3% of any recovery up to $1 million through the time of filing of an answer or the demand for appointment of arbitrators; (c) 40% of any recovery up to $1 million through the trial of the case.” The petition contained a statement that the petitioners believed the attorney’s fees to be fair and reasonable. It also contained a waiver by Loper of any claim for attorney’s fees from the estate.
The trial judge entered an order approving the settlement and awarding Loper a contingent fee of thirty-three and a third percent of the recovery. In the order the judge stated that further hearing would be held on whether Loper was entitled to a thirty-three and a third percent or a forty percent contingent fee.
*1223 Further hearing was held, and the trial judge found that the amendment to Disciplinary Rule 2-106 of the Florida Bar Code of Professional Responsibility, which amendment set maximum contingent fees for specified amounts of recovery, The Florida Bar re Amendment to the Code of Professional Responsibility (Contingent Fees), 494 So.2d 960 (Fla.1986), mandated that Loper receive a thirty-three and a third percent contingent fee. The judge based his finding on the fact that rule 2-106 provides for a forty percent contingent fee “of any recovery up to $1 million through the trial of the case.” Since a trial had not been held in the instant case, the judge found that this language was not applicable.
The trial judge erred in his interpretation of rule 2-106.[1] We believe the correct interpretation of the rule is that given by staff counsel of the Florida Bar in response to Loper’s inquiry as to the amount of fees Loper could ethically obtain under the circumstances of this case: “when an answer has been filed and further action is taken (i.e., discovery), an attorney may take up to forty percent of the recovery, provided this is in accordance with the fee contract with the client.”[2] Any other interpretation of the rule would cause the rule to be incomplete as it would not cover circumstances such as those in the instant case. Courts should avoid interpretations that would produce unreasonable consequences. See, e.g., Wakulla County v. Davis, 395 So.2d 540 (Fla.1981).
We note that since this cause involves a claim of a minor, the trial judge has the discretion to reduce the attorney’s fee if such action is shown to be in the best interest of the minor. Phillips v. Nationwide Mut. Ins. Co., 347 So.2d 465 (Fla. 2d DCA 1977). Since we cannot determine from the record or the final order whether the trial judge has reached this issue, we remand this case for a determination of whether a contingent fee of forty percent would be in the best interest of the minor, Christian Starr Apfelbeck.
Reversed and remanded with directions consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.

. The language of Disciplinary Rule 2-106 is now found in rule 4-1.5 of the Rules of Professional Conduct.

. The language of the authority to represent contract signed by Apfelbeck tracked verbatim the language of rule 2-106.