795 So.2d 101 (2001)
Michael McCORD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1776.
District Court of Appeal of Florida, Fifth District.
April 27, 2001.
Clarification Granted April 27, 2001.
*102 Steven G. Mason, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant Appellant's motion for clarification, withdraw our previous per curiam affirmed decision dated August 22, 2000, and substitute the following opinion.
Appellant, Michael McCord (McCord), appeals the summary denial of his motion for post conviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm.
This is a very sad case for all concerned because McCord, who is mentally retarded, was alleged to have engaged in homosexual acts with two children who were placed in the foster care of McCord's mother. After he entered a plea of nolo contendere to two counts of attempted sexual battery, McCord was sentenced to twenty years' incarceration followed by four years of probation. McCord filed a rule 3.850 motion to vacate or set aside the judgment, raising four issues.
First, McCord alleges ineffective assistance of counsel based on his attorney's failure to move for appointment of a psychologist to evaluate him in the trial proceedings. McCord claims to have the emotional and educational level of a preteen child. The trial court, in its order denying McCord's rule 3.850 motion, attached a copy of his trial attorney's motion for psychiatric examination and the court's order appointing two experts to examine McCord. Each expert filed a report finding that McCord was competent to proceed to trial. Thus, we conclude that McCord's first claim is refuted by the record. See Watts v. State, 593 So.2d 198 (Fla.1992) (holding that the failure to appoint the Department of Health and Rehabilitative Services diagnosis and evaluation team to perform the mental evaluation pursuant to section 916.11(1)(d), Florida Statutes (1997) was harmless if the defendant received *103 a constitutionally adequate hearing regarding his competency).
In his second and fourth issues, McCord claims that his trial attorney should have moved to suppress his pretrial statements because they were the product of coercion and promises made by law enforcement to induce McCord to confess. However, McCord does not allege sufficient facts to establish that his confession was coerced. Further, the failure to give McCord Miranda warnings is not a proper basis to reverse the trial court's denial of his motion because the record reveals that McCord was not in custody when he gave his statements. See Case v. State, 524 So.2d 422 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988); State v. Alioto, 588 So.2d 17 (Fla. 5th DCA 1991).
The remaining issue raised in McCord's rule 3.850 motion is a claim that his plea was involuntary. McCord alleges that because of his mental retardation, he did not have the mental capacity to understand, during the plea colloquy, the rights he was waiving by entering the plea. The trial court attached a copy of the transcript of the plea colloquy which indicates that the trial court carefully explained the rights McCord would be waiving by entering his plea. The transcript also reveals that where McCord indicated confusion, the trial court repeated and attempted to simplify the areas of confusion. Additionally, McCord was advised of the nature of the charges against him and the maximum term of imprisonment he could receive if convicted, and McCord indicated that he understood. McCord was also advised that the prosecutor recommended twenty years' imprisonment followed by probation. We conclude that the plea entered by McCord was freely and voluntarily made.
We find no basis to reverse the trial court's summary denial of McCord's rule 3.850 motion, and accordingly, we affirm.
AFFIRMED.
COBB, SAWAYA and PLEUS, JJ., concur.