801 So.2d 118 (2001)
John J. McDOUGALL, as Sheriff of Lee County, Florida, Petitioner,
v.
Douglas D. VAN HOUSE, Respondent.
No. 2D00-3943.
District Court of Appeal of Florida, Second District.
October 31, 2001.
*119 R.W. Evans of Powers, Quaschnick, et al., Tallahassee, for Petitioner.
Michael C. Tice, Fort Myers, for Respondent.
SILBERMAN, Judge.
John J. McDougall, as Sheriff of Lee County, Florida, seeks review of a writ of certiorari issued by the circuit court. In issuing the writ, the circuit court quashed a decision of the Lee County Sheriffs Department Civil Service Board. Because we conclude that the circuit court applied the incorrect law, we grant McDougall's petition.
In March 1998, McDougall was the sheriff of Lee County. His office was conducting a homicide investigation, and Sergeant Douglas D. Van House was coordinating the surveillance of the residence of certain suspects. The surveillance resulted in the arrest of the suspects and the detention of an innocent bystander. The bystander was taken into custody, handcuffed, frisked, and transported for questioning.
Following an internal affairs investigation, McDougall disciplined several members of his office, including Van House, for improper conduct relating to the bystander. McDougall suspended Van House for three weeks and transferred him to road patrol for his failure, as a supervisor, to inquire into the circumstances of the bystander's detention and to take corrective action.
Van House appealed his suspension pursuant to the civil service act established in chapter 95-514, Laws of Florida. The act *120 created a civil service board and codified certain procedures applicable to deputy sheriffs and other employees of the Lee County Sheriffs Department.
The civil service board conducted a hearing to review the suspension. The chairman announced that the record of the hearing would consist of correspondence, the internal affairs investigation conducted by the sheriff's department, and exhibits presented on behalf of Van House. Additionally, Van House was permitted to present multiple witnesses and to testify on his own behalf. Following the hearing, the board concluded that McDougall did not act in bad faith by suspending Van House and upheld the suspension.
Van House filed a complaint in the circuit court seeking a writ of mandamus or a writ of certiorari. He asserted that he was denied procedural due process because McDougall did not present evidence of just cause for the suspension, McDougall had the burden to establish just cause under chapter 95-514, and the civil service board's decision was not supported by the evidence.
The circuit court considered McDougall's claim and reviewed chapter 95-514, Laws of Florida, and chapter 30, Florida Statutes (1997). The circuit court concluded that the procedures followed by the civil service board violated Van House's due process rights for two primary reasons: the procedures set forth in section 30.076, Florida Statutes (1997), should have been followed by the civil service board rather than the procedures set forth in chapter 95-514, Laws of Florida; and McDougall should have been required to prove just cause for the suspension. The circuit court granted certiorari relief, quashed the decision of the civil service board, and remanded the case for a new hearing.
Section 1 of chapter 95-514 specifies that "[t]he purpose of this act shall not provide rights and procedures for deputy sheriffs that are any less than those prescribed by chapter 30, Florida Statutes, 1994 Supplement." In section 13, the act provides the following:
The sheriff may suspend or dismiss an employee only for just cause. The employee so dismissed or suspended will have fifteen (15) days to file an appeal with the board.... The sheriff may summarily suspend an employee for a reasonable period not exceeding thirty (30) days. Every such suspension shall be without pay; provided, however, that the board shall have the authority to investigate every such suspension and if it is found that the sheriff acted in bad faith, it shall have the power to restore pay to the employee for such suspended time.
Although section 1 of chapter 95-514 refers to chapter 30, Florida Statutes (Supp.1994), the provisions pertinent to this case are not materially different from the statute in effect when the events occurred, that is, chapter 30, Florida Statutes (1997).
Section 30.071(1)(a), Florida Statutes (1997), provides that it applies to all deputy sheriffs except for "[d]eputy sheriffs in a county that, by special act of the Legislature... has established rights and procedures for deputy sheriffs which are equivalent to or greater than those prescribed by this act." Section 30.075(1) provides that "[e]ach sheriff shall establish a review board to review, pursuant to appeals taken under ss. 30.071-30.079, terminations taken by the sheriff against regularly appointed deputy sheriffs for lawful off-duty political activity or for discriminatory reasons." Section 30.076(1) specifies that "[t]he sheriff may not terminate a regularly appointed deputy sheriff for exercising lawful off-duty political rights." Section 30.076(2) states that "[t]he review board shall be *121 utilized to make the determination as to whether or not the termination of a deputy sheriff was politically or discriminatorily motivated."
The circuit court determined that chapter 95-514 provides greater rights to deputy sheriffs than does chapter 30 in two significant ways: (1) chapter 95-514 provides for the right to appeal suspensions or terminations, while chapter 30 provides appeal rights only for termination; and (2) chapter 95-514 states that the sheriff may suspend or dismiss a deputy only for just cause, while chapter 30 establishes a lesser standard. Nevertheless, the circuit court concluded that the civil service board erred by not requiring McDougall to prove just cause and by otherwise failing to follow certain provisions of section 30.076.
When a party seeks review of an administrative action in a circuit court, the circuit court must determine: (1) whether procedural due process was accorded; (2) whether the essential requirements of the law were observed; and (3) whether there was competent, substantial evidence to support the administrative findings and judgment. City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982). On certiorari review of a decision of a circuit court acting in its appellate capacity, the district court must determine: (1) whether the circuit court afforded procedural due process; and (2) whether the circuit court applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). The phrase "applied the correct law" is synonymous with "observing the essential requirements of the law." Id.
In determining that the civil service board should have adhered to the requirements and followed the procedures contained in chapter 30, the circuit court did not adequately take into account the limitation language contained in sections 30.075 and 30.076. Those sections reflect that the protections afforded under sections 30.071 through 30.079 specifically apply to terminations for lawful off-duty political activity or terminations for discriminatory reasons.
By contrast, chapter 95-514 gives greater rights to deputy sheriffs and other covered employees in that it authorizes recourse to a civil service board in cases of suspension or dismissal, and the recourse is not limited to situations involving discipline that is imposed for off-duty political activity or discriminatory actions. While the sheriff may summarily suspend an employee for thirty days or less, without pay, chapter 95-514 gives the suspended employee appeal rights that are not provided for in chapter 30. Chapter 95-514 specifies that the civil service board has the authority to investigate the suspension and, if it determines that the sheriff acted in bad faith, the board may restore pay to the suspended employee.
The provisions of chapter 95-514 and sections 30.071 through 30.079 are, by their terms, related. Therefore, they must be construed together and interpreted in a manner which allows them to be harmonized. See McGhee v. Volusia County, 679 So.2d 729, 730 (Fla.1996); Wakulla County v. Davis, 395 So.2d 540, 542 (Fla.1981). A construction which avoids a potential conflict between statutes is to be utilized when possible. Wakulla County, 395 So.2d at 542-43. Moreover, "[a] statute's plain and ordinary meaning must be given effect unless to do so would lead to an unreasonable or ridiculous result." City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla. 1993).
Chapter 95-514 and sections 30.071 through 30.079 may be understood and harmonized based on their plain language. The circuit court's interpretation extended the application of sections 30.071 through 30.079 to a situation not governed by those *122 sections, but which is governed by chapter 95-514. As a result, the circuit court erred in holding that the civil service board was required to determine whether McDougall had just cause to suspend Van House and that the board was required to adhere to the procedural standards of chapter 30.
We do not reach the question of whether the decision by the civil service board was correct under the applicable law since it is for the circuit court, sitting in its review capacity, to apply the correct standard of review in order to determine whether the action of the board was proper. See Fla. Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093-94 (Fla.2000). Because the circuit court erred by applying the incorrect law, that is, the provisions of chapter 30 instead of chapter 95-514, we grant the petition for writ of certiorari, quash the order of the circuit court, and remand for further proceedings consistent with this opinion.
Petition granted.
PARKER, A.C.J., and FULMER, J., Concur.