PER CURIAM.
On June 11, 2001, the record on appeal reflects that Treon Patrick entered a plea of no contest to two counts of sexual battery by a person in a position of familial or custodial authority to a child 12 years of age or older but less than 18 years of age in violation of section 794.011(8), Florida Statutes (2000). No direct appeal was taken.
Patrick now appeals the trial court’s summary denial of his motion for post-conviction relief. To uphold the trial court’s summary denial of claims raised in a motion filed pursuant to Fla. R.Crim. P. 3.850, the claims must be facially invalid or conclusively refuted by the record. Additionally, where there is no evidentiary hearing held below, this court must accept Appellant’s factual allegations as true to the extent they are not refuted by the record. Foster v. State, 810 So.2d 910 (Fla. 2002).
We affirm the order denying relief on grounds three, four, and six,[1] but find it *250 necessary to reverse the order as to grounds one, two, and five and remand for an evidentiary hearing.

I.

In ground two of his motion, Appellant claims trial counsel was ineffective for failing to ensure Appellant understood the nature of the charges before entry of the plea. Appellant claims that after a heated exchange with his attorney on the day he entered his pleas, his attorney told him, and he believed, he would enter a plea to lewd and lascivious conduct. Appellant claims that contrary to his understanding, trial counsel entered a plea of no contest, in open court, to two counts of sexual battery by a person in a position of familial or custodial authority to a child that is 12 years of age or older but less than 18 years of age. Appellant alleges he did not understand the nature of the charge because he was never charged with the offenses to which he entered a plea and the victim was under 12 years old at the time the offenses were allegedly committed.
The record does not show that during the plea colloquy the nature of the new charges were explained, or that Appellant was informed of the maximum penalties he faced if he persisted in his plea of no contest. Fla. R.Crim. P. 3.172(c). Further, the record does not show a factual basis established for the plea. Fla. R.Crim. P. 3.172(a).
Appellant further alleges that two days after he entered his plea, the trial court unilaterally vacated the judgement of guilt to the offenses to which he entered his plea and adjudged him guilty of capital sexual battery as originally charged. Though we can find no substituted judgment and sentence in the record on appeal, subsequent pleadings filed by the State aver that Appellant pled no contest to two counts of capital sexual battery.[2] This is inconsistent with the record plea entered on his behalf on June 11, 2001. Appellant claims that had he been aware of what he was pleading to and all of the consequences of his plea, he would not have entered the plea. The transcript of the plea hearing does not refute Appellant’s allegations that he did not understand the nature of the charges to which he entered his plea.

II.

In ground one of his motion, Patrick alleges his trial counsel was ineffective for failing to investigate the circumstances of his involuntary confession to police officers investigating the allegations against him. Appellant claims the police manipulated the tape recorder and threatened him, off tape, when he refused to admit to the charged crimes. Appellant also claims, in effect, the police officers made false promises in order to coerce him into making a confession. The trial court ruled that because the voluntariness and admissibility of the confession could or should have been raised on direct appeal, Appellant’s claim could not be raised in a motion for post-conviction relief.
The trial court erred when it ruled Appellant’s claim was proeedurally barred. Appellant was precluded from raising this *251 issue on direct appeal.[3] See Fla. R.App. P. 9.140(b)(2)(A). Normally, this claim would be barred as an attempt to go behind Appellant’s plea. See Stano v. State, 520 So.2d 278 (Fla.1988). However, because the plea colloquy did not clearly establish that Appellant freely and voluntarily entered his plea, he is not barred under the circumstances of this case from raising this issue in a motion for post-conviction relief. See McCord v. State, 795 So.2d 101 (Fla. 5th DCA 2001); Carter v. State; 801 So.2d 118 (Fla. 2d DCA 2001).

Ill

In ground five, Appellant claims trial counsel was ineffective for failing to investigate and examine defense witnesses. Appellant claims that had his trial counsel interviewed the victim’s babysitter and younger brother, he would have discovered the victim admitted she lied about engaging in sexual activity with Appellant. Appellant identified the witnesses by name and outlined the substance of their testimony. Appellant also alleged that had trial counsel interviewed these witnesses, their statements would have aided him in presenting potential defenses and ultimately would have vindicated him of the charges.
The trial court denied this claim, ruling that Appellant’s confession rebutted his allegations the two witnesses would have exonerated him at trial. Because Appellant’s allegation is so intertwined with Appellant’s challenge to the voluntariness of his plea, the record does not conclusively refute Appellant’s claim. The fact Appellant entered a plea of no contest to the charges does not negate Appellant’s right to claim his counsel was ineffective for failing to interview witnesses if he alleges he would not have entered such a plea in the absence of the alleged failure. Smith v. State, 815 So.2d 707 (Fla. 1st DCA 2002).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BROWNING, LEWIS, POLSTON, JJ., concur.

. In ground three, Appellant alleges trial counsel was ineffective for failing to file a motion to withdraw his plea. In ground four, Appellant alleges trial counsel provided erro *250 neous advice and failed to object to collateral consequences of his plea. In ground six, Appellant alleges trial counsel was ineffective for failing to determine whether a physical examination or the presence of DNA corroborated the victim’s claim of sexual assault. These allegations were either facially invalid or conclusively refuted by the record.

. These pleadings include the State's Motion to Determine [Appellant] to be a Sexual Predator and the State’s Reply to Motion foi Post Conviction Relief.

. Appellant did not file a motion to suppress his confession prior to.the entry of his plea. Accordingly, the trial court entered no order that could have been the subject of an appeal.