WHATLEY, Judge.
Kimberly Falk filed this petition for writ of certiorari seeking review of an order of the circuit court sitting in its appellate capacity. This cause of action began when Falk’s employment with the Lee County Sheriffs Office was terminated, and she appealed that termination to the Lee County Sheriffs Office Civil Service Board (“the Board”). The Board affirmed her termination and Falk filed a petition for writ of certiorari to the circuit court, which denied her petition. She thereafter filed her petition in this court.
We note that our review of the circuit court’s decision is limited to deciding “(1) whether the circuit court afforded procedural due process; and (2) whether the circuit court applied the correct law.” McDougall v. Van House, 801 So.2d 118, 121 (Fla. 2d DCA 2001). We conclude that the circuit court failed to apply the correct law concerning which party had the burden of proof at the hearing before the Board and grant Falk’s petition.[1]
In the final order of the Board affirming Falk’s termination, the Board determined that Falk had the burden to prove that her dismissal was without just cause. In reviewing the Board’s order, the circuit court was required to decide “(1) whether procedural due process was accorded; (2) whether the essential requirements of the law were observed; and (3) whether there was competent, substantial evidence to support the administrative findings and judgment.” Id. In its order denying Falk’s petition, the circuit court found that the Board observed the essential requirements of the law. However, the circuit court also found that the Lee *1105 County Sheriffs Office (“the Sheriff’) had the burden to prove that Falk was terminated for just cause.
The circuit court was correct in determining that the Sheriff had the burden of proof at the hearing before the Board.[2] “Where an agency terminates an employee for certain stated grounds, reason, logic and the law would require that the agency affirmatively carry the burden of proving the essence of its allegations.” Fla. Dep’t of Health & Rehabilitative Serv., Div. of Health v. Career Serv. Comm’n of Dep’t of Admin., 289 So.2d 412, 414 (Fla. 4th DCA 1974).
In its order, the Board reasoned that, because Falk was appealing her termination, she had the burden of proof as the appellant to establish that her termination was without just cause. The Board’s reasoning was flawed. Section 13 of chapter 99-434, Laws of Florida, provides that “[t]he sheriff may suspend or dismiss an employee only for just cause. The employee so dismissed or suspended will have fifteen (15) days to file an appeal with the board.”
However, “[t]he fact that the aggrieved employee must initiate the hearing before the Commission or that such action is denominated as an ‘appeal’ does not alter the proposition that the burden of proving the basis for termination rests with the employing agency.” Id. at 415; see also 1st DCA 1983) (“During an appeal challenging the dismissal before the commission, the department, as the party asserting the affirmative of an issue, has the burden of proving that the dismissal was ‘for cause.’ ”). Because the Sheriff had the burden to prove that Falk was terminated for just cause, the Board failed to observe the essential requirements of the law when it directed that Falk had the burden of proof at the hearing. Therefore, the circuit court erred in denying the petition for writ of certiorari.
We grant Falk’s petition for writ of cer-tiorari and quash the order of the circuit court.
Petition granted.
CASANUEVA, C.J., and ALTENBERND, J., Concur.

. We do not find merit in the other issues raised by Falk in her petition.

. Although the circuit court was correct in determining that the Sheriff had the burden of proof, it erroneously relied on section 30.076, Florida Statutes (2007), which involves the termination of a deputy sheriff that was politically or discriminatorily motivated. See McDougall, 801 So.2d at 121-22. There was no allegation that Falk’s termination was politically or discriminatorily motivated.